Hamilton, Circuit Judge, concurring.
I join the court's opinion because plaintiff Davis is challenging the way he was supervised in carrying out his official duties. He was not speaking (or refusing to speak) as a private citizen. I offer two additional points on issues that are raised here and that are likely to recur in cases involving, among other topics, investigations into police actions.
First, the speech in question, about the results of official police investigations into fatal police-action shootings and allegations of police misconduct, qualifies as speech about a matter of public concern. See, e.g., Kristofek v. Village of Orland Hills , 832 F.3d 785, 794-95 (7th Cir. 2016) ; see also, e.g., Garcetti v. Ceballos , 547 U.S. 410, 425, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) ("Exposing governmental inefficiency and misconduct is a matter of considerable significance."); Jackler v. Byrne , 658 F.3d 225, 236-37, 241-42 (2d Cir. 2011) (reversing dismissal of First Amendment claim by police officer allegedly fired for refusing to falsify reports for internal investigations of excessive-force complaints). In finding otherwise, the district court mixed two distinct elements of the proper analysis. On this element, the court focused mistakenly on Davis's role as an employee. That role meant he was not speaking as a private citizen, but it did not affect the separate question of whether he was addressing matters of public concern.
Second, Davis does not contend he was fired for refusing to lie about matters of fact. He was fired for refusing to accept his boss's different evaluations of facts. The difference is important to distinguish this case from Jackler v. Byrne , where the Second Circuit reversed dismissal of a First Amendment claim by a police officer. Officer Jackler alleged he was fired for having refused to make false statements of fact in an investigation of a civilian's complaint that another officer had used excessive force. 658 F.3d at 230-31. The Second Circuit explained that the police department's discretion as an employer "does not include authority to coerce or intimidate its employees to engage in criminal conduct by filing reports that are false in order to conceal wrongdoing by another employee or to conceal eyewitness corroboration of civilian complaints of such *847 wrongdoing." Id . at 242 ; see also Lane v. Franks , --- U.S. ----, 134 S.Ct. 2369, 2378, 189 L.Ed.2d 312 (2014) (holding that "the First Amendment protects a public employee who provides truthful sworn testimony, compelled by subpoena, outside the scope of his ordinary job responsibilities"); Gonzalez v. City of Chicago , 239 F.3d 939, 941 (7th Cir. 2001) (pre- Garcetti , if police investigator were ordered to rewrite reports so as not to disclose police corruption, he would have First Amendment right to expose police cover-up to the public).